Judge Mills
delivered the opinion of the court.
This is a writ of error to reverse the order of a county court establishing a road; and the errors assigned amount to seventeen in number. But from a minute examination of the record, it appears that the first, seventh, eighth, thirteenth, fourteenth, fifteenth and sixteenth are predicated upon a mistake of what the record contains, and whether they are valid or invalid in law, is immaterial in this controversy, as they are contradicted by the proceedings. Nor do we conceive it necessary to notice many of the rest, as the third, fourth and twelfth must be deemed fatal to the proceedings. The third and fourth are, in substance, the same, and except to the order because there is no way proposed in it given to the viewers in charge, nor are they directed to report the nearest and best way from one point to another, but are to be under the direction of the applicant; and the twelfth excepts to the refusal of the county court to grant an order of survey to one of the persons, through whose land the reviewed way passed, for the purpose of shewing that the road was circuitous and inexpedient. *503 The order was granted on the application of Martin H. Wickliffe, and directs the viewers as follows: “To view and report truly and impartially to court the conveniencies and inconveniences which will result, as well to individuals as to the public, by opening a road from the Elizabethtown road to Runnie’s port warehouse, as said Wickliffe shall direct."
It is erroneous to appoint viewers for a road, unless the order points out some general description of the ground over which the road is to pass, and ’tis particularly exceptionable to leave the viewers, to the direction of the applicant.
On a suggestion that a nearer way can be than that reported, it is regular to direct survey.
It is evident, that to obtain viewers of a road, the person applying ought to propose his way which he wishes opened, either by giving some general description of the ground over which it is to pass, so that it can be understood, not only by the court, but be expressed in the order so as to be understood by the commissioner, by naming the points to and from which it is to pass, and praying the nearest and best way between them. It is true, the order in the present case names the Elizabethtown road (but does not say what part of it) and the warehouse, and then directs the report of the road as Martin H. Wickliffe should direct. According to this, not the order of court, but the direction of the applicant was to be their guide. He proposed the way to the court, not by any general or special description, so that the court could give it in charge to the commissioners, as a subject on which they might exercise their judgment; but naming the warehouse, to which it leads, and leaving the starting point on another road wholly uncertain, the court placed the viewers solely under his direction while making the view. The very reason why viewers are to be appointed is, that the judgment of the applicant may not be acted on; but that the impartial opinion of the viewers may be interposed between the applicant and the public, and others concerned. If the viewers then are to be placed under the exclusive direction of the applicant, this impartial decision of the viewers may be readily defeated. When the report was made in the present case, the present plaintiff in error appeared in court, and suggested, that it passed through his land unnecessarily, and that a better and nearer way might be had through the lands of the applicant entirely, and prayed an order of survey, for the purpose shewing these facts. But the court refused the order. We cannot see any good reason for refusing such an order. A survey is often the best evidence, and will communicate to the mind many facts more distinctly than any other mode; especially when hearing and distance are, concerned, it is the best evidence. And we should think the decision *504 of a county court, refusing to establish a road without a survey, far less exceptionable, than the one which exclude a survey and established the road without one, and refused to admit it. This order, was applied for at a proper time, so that the survey might have been produced on the final hearing without delay. But it is unnecessary to notice this objection further, as this court conceives, that the original order is defective. The whole proceedings must, therefore, be reversed with costs; and further notice need not bestowed on points which might authorize a partial reversal and permit new proceedings in the court below.